**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PFIZER INC., <br><br>         Plaintiff, <br><br>v. <br><br>REGOR THERAPEUTICS INC., QILU REGOR THERAPEUTICS INC., XIAYANG QIU, MIN ZHONG, and DOES 1-10, <br><br>         Defendants. <br><br>REGOR THERAPEUTICS INC., QILU REGOR THERAPEUTICS INC., XIAYANG QIU, and MIN ZHONG, <br><br>        Counterclaim Plaintiffs, <br><br>v. <br><br>PFIZER INC., <br><br>        Counterclaim Defendant. | Civil Action No. 3:22-cv-0190-JAM |

**PFIZER'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Pfizer Inc. ("Pfizer"), by and through its undersigned counsel, hereby files this answer to the counterclaims asserted by Defendants and Counterclaim Plaintiffs Regor Therapeutics Inc., QILU Regor Therapeutics Inc. ("QILU Regor"), Xiayang Qiu, and Min Zhong (collectively, "Defendants") in their answer, ECF No. 47 at 34–64 (the "Counterclaims"). Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that Defendants may argue follow from the admitted facts. Moreover, Pfizer submits that the headings, subheadings, and unnumbered paragraphs used in the Counterclaims do not require a response, but, for the avoidance of doubt, to the extent they contain allegations against Pfizer, any such allegations are denied. Pfizer denies each and every allegation or

characterization by Defendants in their Counterclaims against Pfizer, unless expressly admitted herein. Pfizer also denies that Defendants are entitled to the requested relief or any other relief. All admissions made in this Answer and Affirmative Defenses ("Answer") are made as of the date filed. Pfizer reserves the right to amend and/or supplement this Answer.

Pfizer further responds to the specific allegations in Defendants' Counterclaims as follows:

## NATURE OF THE COUNTERCLAIM ACTION

1. Paragraph 1 purports to characterize the nature of the action and the relief sought, and no pleading is required. To the extent a response is required, denies paragraph 1.

## PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 2, except admits Dr. M. Zhong is a United States citizen and owns a home in Connecticut.

3. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 3, except admits Dr. Qiu is a United States citizen.

4. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 4, except admits that Regor Therapeutics Inc. is a Delaware corporation.

5. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 5, except admits QILU Regor is a company incorporated in China.

6. Admits paragraph 6.

**JURISDICTION AND VENUE**

7. Paragraph 7 purports to characterize the nature of the action and the relief sought and asserts a legal conclusion to which no response is required. To the extent a response is required, denies paragraph 7.

8. Paragraph 8 asserts legal argument and a legal conclusion to which no response is required. To the extent a response is required, denies paragraph 8, except admits that Pfizer filed this action in this district and thus has consented to personal jurisdiction and venue in this Court.

9. Admits paragraph 9.

**SUMMARY OF THE DISPUTE**

10. Denies paragraph 10.

11. Denies paragraph 11, except admits that Dr. Qiu and Dr. M. Zhong resigned from Pfizer effective June 12, 2018 and Pfizer filed its complaint on February 2, 2022.

12. Denies the first, second, and fourth sentences of paragraph 12, except admits that Pfizer has hired employees who previously worked at companies in the pharmaceutical industry. Denies knowledge or information sufficient to form a belief as to the truth of the third sentence of paragraph 12.

13. Denies paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 14, except admits that (a) QILU Regor has filed patents and (b) Eli Lilly and QILU Regor announced a strategic collaboration to develop drugs for metabolic disorders.

15. Denies paragraph 15, except (a) admits that Pfizer has developed oral small-molecule GLP-1 receptor agonist candidates and has asserted a number of claims against

Defendants, and (b) respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents.

16. Denies paragraph 16, except admits that Dr. M. Zhong and Dr. Qiu are former Pfizer employees who worked on Pfizer's small-molecule GLP-1 receptor agonist technology and that Pfizer has asserted claims of trade-secret misappropriation, breach of contract, breach of the duty of loyalty, and other causes of action against Defendants.

17. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the first and third sentences of paragraph 18. Denies the second sentence of paragraph 18.

## GENERAL ALLEGATIONS

19. Admits paragraph 19 and respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents.

20. Admits paragraph 20 and respectfully refers the Court to Pfizer's Complaint referenced and quoted therein for a complete and accurate statement of its contents.

21. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 21, except (a) admits that the QILU Regor Patents are directed to GLP-1 receptor agonists, and (b) respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

22. Denies paragraph 22, except (a) admits that Dr. W. Zhong is listed as either a sole or joint inventor on the QILU Regor Patents, and (b) otherwise respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

23. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 23, except admits that Dr. W. Zhong has never been employed by Pfizer.

24. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 28, except admits that GLP-1 receptor agonists are available as an injectable medication to consumers.

29. Denies knowledge or information sufficient to form a belief as to the truth of the first, second, third, and fifth sentences of paragraph 29, and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.  Denies the fourth sentence of paragraph 29, except (a) admits that Patent Application No. CA2988721 was published on June 16, 2018, Patent Application No. WO2018/109607 was published on June 21, 2018, and both patents are directed to GLP-1 receptor agonists, and (b) otherwise respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

30. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 30 and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

31. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 31.

32. Denies the last sentence of paragraph 32. Denies knowledge or information sufficient to form a belief as to the truth of the remaining sentences of paragraph 32, except respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents.

33. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 34, except admits that Pfizer's GLP-1 patent application was published in June 2018 and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

35. Denies the first and fourth sentences of paragraph 35, and respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents. Denies knowledge or information sufficient to form a belief as to the truth of the second and third sentences of paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 36, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

37. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 37, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

38. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 38, except (a) denies the fifth and sixth sentences of paragraph 38, (b) admits that Pfizer gave a presentation at the 2019 Spring ACS National Meeting, and (c) otherwise respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

39. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 39, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

40. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 40, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

41. Denies paragraph 41.

42. Denies the sixth and seventh sentences of paragraph 42. Denies knowledge or information sufficient to form a belief as to the truth of the first, second, third, fourth, and fifth sentences of paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the second and third sentences of paragraph 43. Denies the first, fourth, fifth, sixth, and seventh sentences of paragraph 43, except (a) admits that Dr. M. Zhong relocated from Kalamazoo, Michigan to Ann Arbor, Michigan in 2003 and from Ann Arbor, Michigan to Groton, Connecticut in 2007, (b) admits that Pfizer has made changes to its workforce from time to time

based on the company's evolving needs, and (c) otherwise respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

44. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 44, except admits that Dr. M. Zhong relocated to Pfizer's Groton site in 2007 and that Pfizer has made changes to its workforce from time to time based on the company's evolving needs.

45. Denies the first sentence of paragraph 45, except admits that Pfizer has acquired other companies and entered into commercialization agreements. Denies knowledge or information sufficient to form a belief as to the truth of the remaining sentences of paragraph 45, except admits that Dr. Qiu and Dr. M. Zhong both resigned from Pfizer on June 12, 2018.

46. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 46, except admits that Dr. Qiu worked at Pfizer from 2001-2018 and Dr. M. Zhong worked at Pharmacia from 1999-2003 and at Pfizer from 2003-2018.

47. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 47, except admits that (a) Dr. Qiu was Executive Director for Structural and Molecular Sciences at Pfizer, (b) Dr. Qiu worked on Pfizer's small-molecule GLP-1 receptor agonist technology and other research programs, and (c) Dr. Qiu was responsible for supervising numerous scientists.

48. Admits the first sentence of paragraph 48. Denies knowledge or information sufficient to form a belief as to the truth of the remaining sentences of paragraph 48, except admits that Dr. M. Zhong worked with CROs, which were external resources used by PDM.

49. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 50.

51. Denies the second, fourth, and fifth sentences of paragraph 51, except denies knowledge or information sufficient to form a belief as to whether general corporate strategy is within the responsibilities of Dr. M. Zhong and Dr. Qiu.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining sentences of paragraph 51, except (a) admits that injectable GLP-1 receptor agonists are known and commercially successful and (b) otherwise respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents.

52. Denies paragraph 52.

53. Denies paragraph 53.

54. The first, second, and eighth sentences of paragraph 54 assert legal conclusions to which no response is required, but to the extent a response is required, denies the first, second, and eighth sentences of paragraph 54.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining sentences of paragraph 54.

## FIRST COUNTERCLAIM

55. No response is required to the reference and incorporation of the foregoing paragraphs.  To the extent a response is required, Pfizer repeats and incorporates by reference its answers as set forth above.

56. Denies paragraph 56 and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

57. Denies paragraph 57 and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

58. Denies paragraph 58 and respectfully refers the Court to the statutes referenced therein for a complete and accurate statement of their contents.

59. Paragraph 59 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 59.

60. Paragraph 60 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 60.

61. Paragraph 61 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 61, except admits that an actual, continuing, and justiciable controversy exists between Pfizer and Defendants regarding whether Defendants misappropriated the trade secrets alleged by Pfizer in its Complaint.

62. Paragraph 62 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 62, except (a) admits that Pfizer's Complaint alleged a collaboration between Defendants and Eli Lilly, and (b) respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents.

63. Paragraph 63 purports to characterize the nature of the action and the relief sought, and no response is required. To the extent a response is required, denies paragraph 63.

## SECOND COUNTERCLAIM

64. No response is required to the reference and incorporation of the foregoing paragraphs. To the extent a response is required, Pfizer repeats and incorporates by reference its answers as set forth above.

65. Paragraph 65 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 65.

66. Paragraph 66 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 66.

67. Paragraph 67 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 67.

68. Paragraph 68 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 68, except (a) admits that Dr. Qiu and Dr. M. Zhong entered into employment agreements with Pfizer, and (b) respectfully refers the Court to Pfizer's Complaint referenced and quoted therein for a complete and accurate statement of its contents.

69. Paragraph 69 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 69.

70. Paragraph 70 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 70.

71. Paragraph 71 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 71, except admits that an actual, continuing, and justiciable controversy exists between Pfizer and Defendants regarding whether Dr. M. Zhong and Dr. Qiu breached their employment contracts as alleged by Pfizer in its Complaint.

72. Paragraph 72 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 72, except (a) admits that Pfizer's Complaint alleged a collaboration between Defendants and Eli Lilly, and (b) respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents.

73. Paragraph 73 purports to characterize the nature of the action and the relief sought, and no response is required. To the extent a response is required, denies paragraph 73.

## THIRD COUNTERCLAIM

74. No response is required to the reference and incorporation of the foregoing paragraphs. To the extent a response is required, Pfizer repeats and incorporates by reference its answers as set forth above.

75. Paragraph 75 asserts legal conclusions to which no response is required. To the extent a response is required, denies paragraph 75, except (a) admits that Dr. Qiu and Dr. M. Zhong entered into employment agreements with Pfizer, and (b) respectfully refers the Court to Pfizer's Complaint referenced and quoted therein for a complete and accurate statement of its contents.

76. Paragraph 76 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 76.

77. Paragraph 77 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, (a) denies knowledge or information sufficient to form a belief as to the truth of the first and second sentences of paragraph 77, and (b) denies the remaining sentences of paragraph 77.

78. Denies the first sentence of paragraph 78. Denies knowledge or information sufficient to form a belief as to the truth of the remaining sentences of paragraph 78.

79. Paragraph 79 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 79, except admits that an actual, continuing, and justiciable controversy exists between Pfizer and Defendants regarding the assignment of Defendants' patents as alleged by Pfizer in its Complaint.

80. Paragraph 80 asserts legal argument and legal conclusions to which no response is required. To the extent a response is required, denies paragraph 80, except (a) admits that Pfizer's Complaint alleged a collaboration between Defendants and Eli Lilly, and (b) respectfully refers the Court to Pfizer's Complaint referenced therein for a complete and accurate statement of its contents.

81. Paragraph 81 purports to characterize the nature of the action and the relief sought, and no response is required. To the extent a response is required, denies paragraph 81.

## GENERAL DENIAL

Pfizer denies each and every allegation of the Counterclaims, including Defendants' Prayer for Relief, which has been neither admitted nor controverted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Pfizer alleges and asserts the following defenses in response to Defendants' allegations, undertaking the burden of proof only as to those defenses if required to under applicable law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE

Defendants' Counterclaims against Pfizer fail, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants' Counterclaims should be denied, in whole or in part, because Pfizer has taken reasonable measures to protect its trade secrets and confidential information.

**THIRD DEFENSE**

Defendants' Counterclaims should be denied, in whole or in part, because Pfizer's trade secrets derive independent economic value from not being generally known to, or readily ascertainable through proper means by, a competitor.

**FOURTH DEFENSE**

Defendants' Counterclaims should be denied, in whole or in part, because Defendants misappropriated Pfizer's trade secrets and confidential information in violation of federal and state trade-secret laws.

**FIFTH DEFENSE**

Defendants' Counterclaims should be denied, in whole or in part, because Min Zhong's and Xiayang Qiu's employment agreements with Pfizer, including, without limitation, the invention assignment provisions, are enforceable and reasonably limited in scope and duration.

**SIXTH DEFENSE**

Defendants' Counterclaims should be denied, in whole or in part, because Defendants breached their contractual duties to Pfizer under state law.

**SEVENTH DEFENSE**

Defendants' Counterclaims should be denied, in whole or part, because Defendants breached their fiduciary duties, including, without limitation, their duty of loyalty, to Pfizer under state law.

**EIGHTH DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, because there exists no actual, continuing, and justiciable controversy beyond that alleged in Pfizer's Complaint.

## NINTH DEFENSE

Defendants' Counterclaims are barred, in whole or in part, because they constitute improper requests for declaratory relief, including, without limitation, because they are improper mirror images of Pfizer's claims.

## TENTH DEFENSE

Defendants' Counterclaims against Pfizer are barred, in whole or in part, pursuant to the equitable doctrine of unclean hands and/or other equitable defenses.

## RESERVATION OF RIGHTS

Pfizer hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to amend its answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

## PRAYER FOR RELIEF

WHEREFORE Pfizer respectfully requests that this Court enter judgment dismissing Defendants' Counterclaims in their entirety.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Pfizer requests a jury trial of all issues properly triable by jury.

Dated: April 29, 2022                                       Respectfully submitted,

                                                              */s/ Ashok Ramani*

Ashok Ramani (*pro hac vice*)
Gareth E. DeWalt (*pro hac vice*)
James Y. Park (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
Tel:    (650) 752-2000
ashok.ramani@davispolk.com
gareth.dewalt@davispolk.com
james.park@davispolk.com

Dana M. Seshens (*pro hac vice*)
Matthew Cormack (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel:    (212) 450-4000
dana.seshens@davispolk.com
matthew.cormack@davispolk.com

James I. Glasser (ct07221)
Jenny R. Chou (ct28201)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street, P.O. Box 1832
New Haven, CT 06508
Tel:    (203) 498-4313
jglasser@wiggin.com
jchou@wiggin.com

*Counsel for Plaintiff and Counterclaim Defendant Pfizer Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ James I. Glasser*
James I. Glasser