## ORDER

The Court's Standing Protective Order (Dkt. # 7)  is hereby supplemented as follows:

Prosecution and Regulatory Bar.  Absent written consent from the Designating Party, any individual (excluding outside experts retained by the parties in connection with this matter) who receives access to "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" information from the Receiving Party shall not be involved in:

(a) The prosecution of patents or patent applications relating to GLP-1 receptors, GLP-1 receptor agonists, and any other drug discovery or development programs that the parties have disclosed or will disclose in this litigation subject to the Protective Order (the "Relevant Topics"); any U.S. patent applications claiming priority or otherwise related to any of the foregoing applications; and any foreign counterparts thereof, before any domestic or foreign agency, including the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" means drafting, amending, or providing instruction in respect of the drafting or amending of claims of patents or patent applications (whether U.S. or foreign) concerning the Relevant Topics.  To avoid any misunderstanding, and consistent with the scope of the foregoing terms, nothing herein shall preclude an individual from engaging in supervisory roles in patent prosecution concerning the Relevant Topics that do not involve drafting, amending, or providing instruction with respect to the drafting or amending of claims, or being involved in proceedings or litigations relating to patent term extension under 35 U.S.C. § 156 et seq. or patent term adjustment under 35 U.S.C. § 154 et seq. or any other proceedings for extensions or adjustments of the term of a patent or patent application (domestic or foreign) concerning the Relevant Topics.  Further, nothing in the foregoing terms will preclude an individual from working on and participating in, directly or indirectly, an action or proceeding relating to a patent or patent application before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, a post grant proceeding, an inter partes review proceeding, an opposition proceeding, an invalidation action, a revocation action or a third party pre-issuance submission), provided that the individual is not involved in the drafting, amending, or providing instruction with respect to the drafting or amending of claims in such action or proceeding.  This Prosecution and Regulatory Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first provided to the affected individual by the Receiving Party and shall end one (1) year after the later of (i) the last access or review of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or (ii) final determination of this action by settlement or final judgment, including exhaustion of all appeals.

(b) Any petitioning, counseling, litigation, or other work before the FDA or equivalent foreign regulatory body, including the drafting or editing of a Citizen Petition (or related submission, including a response to a Citizen Petition) concerning the Relevant Topics.  This bar does not apply to involvement in preparing and reviewing Orange Book or Purple Book listings in the U.S. and similar listings in other countries and/or submissions to regulatory agencies relating to potential or alleged patent infringement by the Receiving Party.

Competitive Decision-Making Bar.  In addition to "provid[ing] the identity and job functions of the in-house attorney(s)" designated pursuant to Paragraph 3(a)(iii) of the Standing Protective Order, a Receiving Party shall represent that each of its designated in-house counsel

who receives access to a Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents and information shall:  (1) have direct responsibility for either making decisions concerning this litigation or assisting outside counsel in this litigation, and (2) have no competitive decision-making authority on behalf of the Receiving Party relating to the subject matter of this litigation.  As used herein, in-house counsel with "competitive decision-making authority" refers to those who:  (i) serve as a director or officer of the Receiving Party as well as an in-house counsel; (ii) have responsibility for business decisions relating to product design, research, development, pricing, sales, or marketing; or (iii) serve as an inside counsel for the Receiving Party while simultaneously serving as outside counsel for related entities.  This restriction shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first provided to the designated in-house counsel by the Receiving Party and shall end one (1) year after the last access or review of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

**APPROVED AND SO ORDERED**, this 27th day of _____September_____, 2022.


/s/
_____
THE HONORABLE JEFFREY ALKER MEYER
UNITED STATES DISTRICT JUDGE