# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PFIZER, INC.,<br><br>                Plaintiff and<br>                Counter-Defendant,<br><br>v.<br><br>REGOR THERAPEUTICS INC., QILU REGOR THERAPEUTICS INC., XIAYANG QIU, MIN ZHONG, AND DOES 1-10,<br><br>                Defendants and<br>                Counter-Plaintiffs. | CASE NO. 3:22CV190 (JAM) |

## THE REGOR PARTIES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PFIZER

Pursuant to Federal Rules of Civil Procedure ("Federal Rules") 26 and 34, and the Local Rules of the United States District Court for the District of Connecticut ("Local Rules"), Defendants and Counter-Plaintiffs Regor Therapeutics Inc., Qilu Regor Therapeutics Inc., Xiayang Qiu, and Min Zhong (the "Regor Parties") request that Plaintiff and Counter-Defendant Pfizer, Inc. ("Pfizer") respond fully and in writing to the following requests for production (each a "Request") and produce the documents specified below within 30 days of service of these Requests, at the office of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, or at such other time and place as may be agreed to by the parties, and in accordance with the Definitions and Instructions set forth herein.

### DEFINITIONS

1.      Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

sufficient to show how often this occurs, how Pfizer responds to these instances, and whether and how the employees were disciplined.

**REQUEST NO. 18**

Documents and Communications sufficient to show Pfizer's use of data monitoring or other employee monitoring software, or similar tools, from January 1, 2015 to the present, including without limitation the terms of any licenses or policies with respect to use of such monitoring tools.

**REQUEST NO. 19**

For each trade secret and category of confidential information identified in response to Interrogatory Nos. 1 and 2, all Documents and Communications comprising the alleged Pfizer trade secret, confidential, or proprietary information.

**REQUEST NO. 20**

For each trade secret and category of confidential information identified in response to Interrogatory Nos. 1 and 2, Documents and Communications sufficient to demonstrate the value of the alleged trade secret, confidential, or proprietary information, including without limitation (a) Documents showing that such information derives independent economic value from not being generally known to the public, and (b) Documents concerning Pfizer's allegation in paragraph 2 of the Complaint that "[s]ince 2002, Pfizer has devoted thousands of hours of its scientists' and clinicians' time and hundreds of millions of dollars in research to develop a revolutionary new diabetes-and-obesity treatment."

**REQUEST NO. 21**

For each trade secret and category of confidential information identified in response to Interrogatory Nos. 1 and 2, Documents and Communications sufficient to show any measures

12

taken by Pfizer to maintain or protect the alleged secrecy or confidentiality of such trade secret, confidential, or proprietary information, including without limitation any agreements, employee manuals, policies, procedures, notifications, training programs, markings, security measures, remedial measures, forensic analyses or alert systems. For the avoidance of doubt, this shall include:

   a. Documents and Communications concerning Pfizer's allegation that "Pfizer takes significant steps to protect its innovations, including the highly confidential research-and-development work at issue in this case. Pfizer employs a range of reasonable and industry-standard security measures to protect and secure its trade secrets and confidential information." (Complaint ¶ 27);

   b. Documents and Communications concerning Pfizer's allegation that "Pfizer maintains security policies and protocols that restrict the use and circulation of confidential information outside of Pfizer and limit the transmission of confidential information internally at Pfizer to those with a need to know the information." (Complaint ¶ 28);

   c. Documents and Communications concerning Pfizer's allegation that "Pfizer further provides regular training and follow-up measures to its personnel regarding its security and confidentiality policies, and it requires adherence to those policies as a condition of employment." (Complaint ¶ 28);

   d. Documents and Communications concerning Pfizer's allegation that "Pfizer does not allow Pfizer confidential information to be diverted outside of Pfizer's secure electronic environment through electronic devices, and it requires employees to surrender all company-issued phones and confidential information when they leave Pfizer." (Complaint ¶ 29);

   e. Documents and Communications concerning Pfizer's allegation that "Pfizer similarly prohibits employees from diverting confidential Pfizer information to personal devices and email accounts." (Complaint ¶ 29);

   f. Documents and Communications concerning Pfizer's allegation that "Pfizer trains its employees on these obligations and rigorously enforces them." (Complaint ¶ 30);

   g. Documents and Communications concerning Pfizer's allegation that: "Like their Pfizer colleagues, during their Pfizer tenures, Zhong and Qiu received training and written policies reminding them of these obligations." (Complaint ¶ 35);

   h. All Documents and Communications concerning Pfizer's allegation that: "Like their Pfizer colleagues, Zhong and Qiu also received periodic training about their

       obligation under Pfizer policy to safeguard the confidentiality of Pfizer business information." (Complaint ¶ 35);

    i. Documents and Communications concerning Pfizer's allegation that "the training made clear that Zhong and Qiu were prohibited from transmitting Pfizer business information to personal email accounts and devices." (Complaint ¶ 35); and

    j. Documents and Communications concerning Pfizer's allegation that: "In addition to this specific training, many of Pfizer's policies explicitly concern the obligation of all Pfizer colleagues to safeguard Pfizer business information, including those described in Pfizer's Blue Book, the Acceptable Use of Information Systems policy, and Handling Sensitive Information guidelines." (Complaint ¶ 35).

**REQUEST NO. 22**

For each trade secret and category of confidential information identified in response to Interrogatory Nos. 1 and 2, documents sufficient to show the complete process or work efforts by which Pfizer learned, invented, developed, and/or created each alleged trade secret and category of confidential information, including, but not limited to, notes, notebook entries and emails to, from, and between individuals involved in such process or work efforts.

**REQUEST NO. 23**

For any employees who left Pfizer after being involved in the process or work identified in response to REQUEST NO. 22, all documents relating to any forensic investigations of the employees or the employees' computer or devices.

**REQUEST NO. 24**

Documents sufficient to show the complete organizational chart of any Pfizer division or business unit responsible for the invention, development, or creation of each alleged trade secret and category of confidential information identified in response to Interrogatory Nos. 1 and 2 from January 1, 2012 to the present.

**REQUEST NO. 25**

dollars in their business founded on the Pfizer trade secrets and confidential information they stole." (Complaint ¶ 6); and

b. All Documents and Communications concerning Pfizer's allegation that "Eli Lilly and Regor recently announced a strategic collaboration to develop drugs for metabolic disorders which includes a license to Regor's small molecule GLP-1R agonist patents. Of note, Regor will receive an upfront payment of up to $50 million from Eli Lilly, and is eligible to receive up to $1.5 billion in potential payments based on certain milestones and royalties." (Complaint ¶ 84).

### REQUEST NO. 34

All Documents and Communications concerning any investigations, reports, or analyses concerning the Regor Parties' alleged misappropriation (*i.e.*, improper acquisition, use, or disclosure) of Pfizer's trade secret, confidential, or proprietary information identified in response to Interrogatory Nos. 1 and 2, including without limitation:

a. Pfizer's initial awareness of Dr. Qiu and Dr. M. Zhong's alleged intention to compete with Pfizer;

b. Pfizer's initial awareness of the existence of Qilu Regor Therapeutics, Inc. and/or Regor Therapeutics, Inc.;

c. Pfizer's initial awareness of the inventions and patent applications at issue in the Complaint, including without limitation Patent Application Nos. PCT/CN2018/117047, WO2020/103815, PCT/CN2019/082381, WO2020/207474, PCT/CN2020/092530, and WO2021/242817;

d. Pfizer's initial awareness of the violation of any alleged legal duty at issue in the Complaint;

e. Forensic reports and analyses of desktop computers, laptop computers, smart phones, USB drives, shared drives, computer systems, print or file access records, networks, forensic images, and similar sources allegedly showing that the Regor Parties misappropriated Pfizer's trade secret, confidential, or proprietary information identified by Pfizer in response to Interrogatory Nos. 1 and 2;

f. Documents concerning Pfizer's efforts to obtain information about the Regor Parties' plans, strategies, or efforts relating to development of competitive products or technology, including without limitation via publicly available sources such as LinkedIn;

g. All Documents and Communications concerning Pfizer's allegation that: "Pfizer discovered Defendants Zhong and Qiu's theft from a forensic analysis of their Pfizer

      accounts and devices—or at least those accounts and devices to which Pfizer has access." (Complaint ¶ 6);

h. All Documents and Communications concerning Pfizer's allegation that: "Unbeknownst to Pfizer at the time of Zhong's departure, he turned in an iPhone that was not his own, and Zhong's Pfizer-issued iPhone has not been recovered." (Complaint ¶ 6);

i. All Documents and Communications concerning Pfizer's allegation that "Pfizer's investigation of Defendants' conduct—which included forensic analysis of various Pfizer repositories, including Zhong's and Qiu's company-issued laptops and work email accounts—revealed that Defendants used many devices and accounts to carry out their scheme." (Complaint ¶ 39);

j. All Documents and Communications concerning Pfizer's allegations that "Zhong and Qiu also took affirmative steps to cover up their misconduct." (Complaint ¶ 51);

k. All Documents and Communications concerning Pfizer's allegation that: "Qiu and Zhong's efforts to conceal their misconduct hampered Pfizer's ability to discover their scheme and mitigate the harm caused to Pfizer." (Complaint ¶ 59);

l. All Documents and Communications concerning Pfizer's allegation that: "On June 7, 2018, Zhong again deleted a number of documents that might have revealed Defendants' scheme, again after the close of business (7:34 p.m. to 7:43 p.m.)." (Complaint ¶ 67);

m. All Documents and Communications concerning Pfizer's allegation that "forensic analysis was able to recover the documents' file names and other metadata, which indicate that Zhong's theft of Pfizer information was not limited to the GLP-1 program. For instance, the file names indicate that Zhong downloaded Pfizer documents related to other therapy areas such as CML and breast cancer during this same time period." (Complaint ¶ 70);

n. All Documents and Communications concerning Pfizer's allegation that: "After downloading the documents to the hard drive, Zhong deleted the copies that were on his Pfizer computer in an attempt to hide his illegal conduct." (Complaint ¶ 71); and

o. All Documents and Communications concerning any effort or outreach by Pfizer to attempt to resolve any allegations of wrongdoing asserted in the Complaint before Pfizer resorted to filing a lawsuit.

**REQUEST NO. 35**

Documents sufficient to show Pfizer's investment and progress in its GLP-1 drug program, as described in the Complaint at paragraphs 17-26 and 37-38, including documents regarding each of the following allegations in those paragraphs:

23

favor; and (d) any contention by Pfizer that the public interest favors the issuance of an injunction against the Regor Parties in this Action.

**REQUEST NO. 41**

All Documents concerning Pfizer's allegation that Pfizer is entitled to attorneys' fees and/or costs.

**REQUEST NO. 42**

All Documents and Communications concerning Pfizer's decision to file the Complaint in this Action, including without limitation all Documents and Communications concerning:

a. The timing of Pfizer's Action;

b. Pfizer's reaction to the departure of Dr. Qiu and Dr. M. Zhong in June 2018, including without limitation whether any Pfizer employee knew or suspected that Dr. Qiu and Dr. M. Zhong intended to compete against Pfizer ;

c. Pfizer's reaction to events which allegedly made Pfizer aware of alleged misappropriation by the Regor Parties in May 2020, as alleged in paragraph 79 of the Complaint;

d. Pfizer's reasons for delaying until February 2, 2022 before initiating this Action;

e. Pfizer's reasons for filing suit on February 2, 2022;

f. Pfizer's board of director meetings or other management meetings relating to Pfizer's decision to file the Complaint in this Action; and

g. Pfizer's motivations for filing suit.

**REQUEST NO. 43**

All Documents and Communications that Pfizer relied on, reviewed, or referenced in preparing the Complaint, including without limitation the:

a. Jan. 10, 2017 calendar invite titled "mid-age crisis" (¶ 41);

b. "QL" PowerPoint presentation (¶ 42);

c. Feb. 26, 2018 "minutes" email (¶ 45);

d. Feb. 27, 2018 email and PowerPoint re. "Bosutinib MKT Res"  (¶ 46);

e. March 2018 draft agreements (¶¶ 47-48);

f. March 12, 2018 emails with Chinese vendor (¶ 49);

g. March 12, 2018 spreadsheet (¶ 50);

h. Documents Zhong "attempted to delete" (¶ 49) and deleted (¶¶ 65, 67);

i. "GLP Summary Doc" and other "highly sensitive" documents allegedly accessed by Dr. M. Zhong (¶ 52);

j. April 5, 2018 calendar invite titled "touch base" (¶ 55);

k. April 5, 2018 email re. Bosulif (¶ 56);

l. April 15, 2018 agenda, strategy, and budget document (¶ 57);

m. April 15, 2018 to do list (¶ 58);

n. May 23, 2018 agenda (¶ 61);

o. May 29, 2018 resignation notice (¶ 62);

p. May 30, 2018 "Drug Dev in China" PowerPoint (¶ 63);

q. June 4, 2018 email (¶ 63);

r. June 5, 2018 "Market Research MZ" PowerPoint (¶ 66);

s. June 2018 document downloads (¶¶ 68-69);

t. Evidence from forensic investigations (¶¶ 70-71); and

u. iPhone activity logs (¶ 74), including without limitation logs for both the "former colleague's iPhone" and "Zhong's real Pfizer-issued iPhone" described in ¶ 74, all documents regarding investigations of those iPhones, all records showing a "wipe" of either of those iPhones, all communications regarding investigations of those iPhones, and documents identifying all Pfizer personnel who were responsible for investigating, processing, and/or wiping the iPhones.

**REQUEST NO. 44**

A copy of any complaint and/or counterclaim in any and all actions in the United States within the last ten years in which Pfizer has sought to enforce any employment-related restrictions concerning Pfizer's alleged trade secrets or confidential information.

**REQUEST NO. 45**

28

All Documents and Communications that Pfizer referred to or considered in preparing responses to each discovery request in this Action.

**REQUEST NO. 61**

All Documents and Communications concerning destruction or loss by Pfizer of Documents, information, and other relevant materials requested in any discovery request in this Action.

**REQUEST NO. 62**

All Documents and Communications produced to Pfizer by a third party in connection with this Action, whether or not in response to a subpoena or formal discovery request.

**REQUEST NO. 63**

To the extent not responsive to any other Request, all documents and communications, regardless of time period, on which Pfizer intends to rely in this Action.

Dated:    New York, New York            QUINN EMANUEL URQUHART &
         April 5, 2022                    SULLIVAN, LLP

                                          /s/ *Andrew M. Berdon*
                                          Andrew M. Berdon
                                          Kimberly E. Carson
                                          51 Madison Avenue, 22nd Floor
                                          New York, NY 10010
                                          Tel:  212-849-7000
                                          Fax:  212-849-7100
                                          andrewberdon@quinnemanuel.com
                                          kimberlycarson@quinnemanuel.com

                                          Mark Tung (admitted *pro hac vice*)
                                          555 Twin Dolphin Drive, 5th Floor
                                          Redwood Shores, CA 94065
                                          Tel:  650-801-5016
                                          Fax: 650-801-5100
                                          marktung@quinnemanuel.com

                                          *Attorneys for the Regor Parties*

## **CERTIFICATE OF SERVICE**

       I hereby certify that, on April 5, 2022, I served a copy of the foregoing Regor Parties' First Set of Requests for Production of Documents to Pfizer, by email, on Pfizer's counsel of record, at the below addresses, and requested that Pfizer accept service by email.

James L. Glasser
Jenny R. Chou
Wiggin & Dana
jglasser@wiggin.com
jchou@wiggin.com

Ashok Ramani
Gareth DeWalt
Dana M. Seshens
James Y Park
Matthew Cormack
Davis Polk & Wardwell LLP
ashok.ramani@davispolk.com
dana.seshens@davispolk.com
gareth.dewalt@davispolk.com
james.park@davispolk.com
matthew.cormack@davispolk.com

/s/ *Leonidas Angelakos*
Leonidas Angelakos
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel:    650-801-5073
Fax:   650-801-5100
leonidasangelakos@quinnemanuel.com

*Attorney for the Regor Parties*