# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PFIZER INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>REGOR THERAPEUTICS INC., QILU REGOR THERAPEUTICS INC., XIAYANG QIU, MIN ZHONG, and DOES 1-10,<br>                              Defendants.<br><br>REGOR THERAPEUTICS INC., QILU REGOR THERAPEUTICS INC., XIAYANG QIU, and MIN ZHONG,<br><br>                             Counterclaim Plaintiffs,<br><br>v.<br><br>PFIZER INC.,<br><br>                             Counterclaim Defendant. | Civil Action No. 3:22-cv-0190-JAM |

**RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PFIZER INC. (NOS. 1-63)**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut ("Local Civil Rules"), Plaintiff and Counterclaim Defendant Pfizer Inc. ("Pfizer") hereby objects and responds to Defendants and Counterclaim Plaintiffs Regor Therapeutics Inc., QILU Regor Therapeutics Inc., Xiayang Qiu, and Min Zhong's (collectively "Defendants") First Set of Requests for Production to Pfizer (Nos. 1-63) (each a "Request"), served on April 5, 2022.

       Pfizer makes these objections and responses in light of ongoing discovery, the issues as presently defined by the pleadings, and the information presently known to Pfizer. Pfizer reserves its right to supplement, revise, or otherwise amend the information contained herein in a manner consistent with the Federal Rules of Civil Procedure, the Local Rules, and/or any other

1

**REQUEST FOR PRODUCTION NO. 21**

For each trade secret and category of confidential information identified in response to Interrogatory Nos. 1 and 2, Documents and Communications sufficient to show any measures taken by Pfizer to maintain or protect the alleged secrecy or confidentiality of such trade secret, confidential, or proprietary information, including without limitation any agreements, employee manuals, policies, procedures, notifications, training programs, markings, security measures, remedial measures, forensic analyses or alert systems. For the avoidance of doubt, this shall include:

a. Documents and Communications concerning Pfizer's allegation that "Pfizer takes significant steps to protect its innovations, including the highly confidential research-and-development work at issue in this case. Pfizer employs a range of reasonable and industry-standard security measures to protect and secure its trade secrets and confidential information." (Complaint ¶ 27);

b. Documents and Communications concerning Pfizer's allegation that "Pfizer maintains security policies and protocols that restrict the use and circulation of confidential information outside of Pfizer and limit the transmission of confidential information internally at Pfizer to those with a need to know the information." (Complaint ¶ 28);

c. Documents and Communications concerning Pfizer's allegation that "Pfizer further provides regular training and follow-up measures to its personnel regarding its security and confidentiality policies, and it requires adherence to those policies as a condition of employment." (Complaint ¶ 28);

d. Documents and Communications concerning Pfizer's allegation that "Pfizer does not allow Pfizer confidential information to be diverted outside of Pfizer's secure electronic environment through electronic devices, and it requires employees to surrender all company-issued phones and confidential information when they leave Pfizer." (Complaint ¶ 29);

e. Documents and Communications concerning Pfizer's allegation that "Pfizer similarly prohibits employees from diverting confidential Pfizer information to personal devices and email accounts." (Complaint ¶ 29);

f. Documents and Communications concerning Pfizer's allegation that "Pfizer trains its employees on these obligations and rigorously enforces them." (Complaint ¶ 30);

g. Documents and Communications concerning Pfizer's allegation that: "Like their Pfizer colleagues, during their Pfizer tenures, Zhong and Qiu received training and written policies reminding them of these obligations." (Complaint ¶ 35);

h. All Documents and Communications concerning Pfizer's allegation that: "Like their Pfizer colleagues, Zhong and Qiu also received periodic training about their

23

        obligation under Pfizer policy to safeguard the confidentiality of Pfizer business information." (Complaint ¶ 35);

i.     Documents and Communications concerning Pfizer's allegation that "the training made clear that Zhong and Qiu were prohibited from transmitting Pfizer business information to personal email accounts and devices." (Complaint ¶ 35); and

j.     Documents and Communications concerning Pfizer's allegation that: "In addition to this specific training, many of Pfizer's policies explicitly concern the obligation of all Pfizer colleagues to safeguard Pfizer business information, including those described in Pfizer's Blue Book, the Acceptable Use of Information Systems policy, and Handling Sensitive Information guidelines." (Complaint ¶ 35).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

In addition to its General Objections, which are incorporated herein by reference, Pfizer objects to this Request as overly broad and unduly burdensome on the ground that it seeks information on "*any* measures" taken by Pfizer to protect its trade secrets at issue in this matter, including "*any* agreements" and various other types of documents, from "January 1, 2016 to the *present*." Pfizer also objects to this Request as overly broad and unduly burdensome on the ground that it seeks, in subpart h of this Request, "[*a*]*ll* Documents and Communications concerning Pfizer's allegation" in Complaint ¶ 35.

Subject to and without waiver of the foregoing General Objections and Specific Objections, Pfizer will conduct a reasonable search of custodial files using search terms and of reasonably accessible centralized repositories, and produce any non-privileged documents in its possession, custody, or control that are responsive to this Request.

Pfizer is continuing its investigation of the facts and reserves the right to supplement its production and/or amend this Response as further information becomes available.

**REQUEST FOR PRODUCTION NO. 22**

For each trade secret and category of confidential information identified in response to Interrogatory Nos. 1 and 2, documents sufficient to show the complete process or work efforts by which Pfizer learned, invented, developed, and/or created each alleged trade secret and category

24

    b.    All Documents and Communications concerning Pfizer's allegation that "Eli Lilly and Regor recently announced a strategic collaboration to develop drugs for metabolic disorders which includes a license to Regor's small molecule GLP-1R agonist patents. Of note, Regor will receive an upfront payment of up to $50 million from Eli Lilly, and is eligible to receive up to $1.5 billion in potential payments based on certain milestones and royalties." (Complaint ¶ 84).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

In addition to its General Objections, which are incorporated herein by reference, Pfizer objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "[*a*]*ll* Documents and Communications concerning allegations in the Complaint regarding the Regor Parties' relationship to Eli Lilly" and seeks "[*a*]*ll* Documents and Communications" in each subpart of this Request. Pfizer also objects to this Request to the extent that any documents it seeks are publicly available. Pfizer further objects to this Request as not relevant to the claim or defense of any party on the ground that it seeks information regarding Pfizer's internal views on "the Regor Parties' relationship to Eli Lilly."

Subject to and without waiver of the foregoing General Objections and Specific Objections, Pfizer will conduct a reasonable search of custodial files using search terms and produce any non-privileged documents in its possession, custody, or control that are responsive to this Request.

Pfizer is continuing its investigation of the facts and reserves the right to supplement its production and/or amend this Response as further information becomes available.

**REQUEST FOR PRODUCTION NO. 34**

All Documents and Communications concerning any investigations, reports, or analyses concerning the Regor Parties' alleged misappropriation (*i.e.*, improper acquisition, use, or disclosure) of Pfizer's trade secret, confidential, or proprietary information identified in response to Interrogatory Nos. 1 and 2, including without limitation:

    a.    Pfizer's initial awareness of Dr. Qiu and Dr. M. Zhong's alleged intention to compete with Pfizer;

b.      Pfizer's initial awareness of the existence of Qilu Regor Therapeutics, Inc. and/or Regor Therapeutics, Inc.;

c.      Pfizer's initial awareness of the inventions and patent applications at issue in the Complaint, including without limitation Patent Application Nos. PCT/CN2018/117047, WO2020/103815, PCT/CN2019/082381, WO2020/207474, PCT/CN2020/092530, and WO2021/242817;

d.      Pfizer's initial awareness of the violation of any alleged legal duty at issue in the Complaint;

e.      Forensic reports and analyses of desktop computers, laptop computers, smart phones, USB drives, shared drives, computer systems, print or file access records, networks, forensic images, and similar sources allegedly showing that the Regor Parties misappropriated Pfizer's trade secret, confidential, or proprietary information identified by Pfizer in response to Interrogatory Nos. 1 and 2;

f.      Documents concerning Pfizer's efforts to obtain information about the Regor Parties' plans, strategies, or efforts relating to development of competitive products or technology, including without limitation via publicly available sources such as LinkedIn;

g.      All Documents and Communications concerning Pfizer's allegation that: "Pfizer discovered Defendants Zhong and Qiu's theft from a forensic analysis of their Pfizer accounts and devices—or at least those accounts and devices to which Pfizer has access." (Complaint ¶ 6);

h.      All Documents and Communications concerning Pfizer's allegation that: "Unbeknownst to Pfizer at the time of Zhong's departure, he turned in an iPhone that was not his own, and Zhong's Pfizer-issued iPhone has not been recovered." (Complaint ¶ 6);

i.      All Documents and Communications concerning Pfizer's allegation that "Pfizer's investigation of Defendants' conduct—which included forensic analysis of various Pfizer repositories, including Zhong's and Qiu's company-issued laptops and work email accounts—revealed that Defendants used many devices and accounts to carry out their scheme." (Complaint ¶ 39);

j.      All Documents and Communications concerning Pfizer's allegations that "Zhong and Qiu also took affirmative steps to cover up their misconduct." (Complaint ¶ 51);

k.      All Documents and Communications concerning Pfizer's allegation that: "Qiu and Zhong's efforts to conceal their misconduct hampered Pfizer's ability to discover their scheme and mitigate the harm caused to Pfizer." (Complaint ¶ 59);

l.      All Documents and Communications concerning Pfizer's allegation that: "On June 7, 2018, Zhong again deleted a number of documents that might have

40

|   |   |
|---|---|
|   | revealed Defendants' scheme, again after the close of business (7:34 p.m. to 7:43 p.m.)." (Complaint ¶ 67); |
| m. | All Documents and Communications concerning Pfizer's allegation that "forensic analysis was able to recover the documents' file names and other metadata, which indicate that Zhong's theft of Pfizer information was not limited to the GLP-1 program. For instance, the file names indicate that Zhong downloaded Pfizer documents related to other therapy areas such as CML and breast cancer during this same time period." (Complaint ¶ 70); |
| n. | All Documents and Communications concerning Pfizer's allegation that: "After downloading the documents to the hard drive, Zhong deleted the copies that were on his Pfizer computer in an attempt to hide his illegal conduct." (Complaint ¶ 71); and |
| o. | All Documents and Communications concerning any effort or outreach by Pfizer to attempt to resolve any allegations of wrongdoing asserted in the Complaint before Pfizer resorted to filing a lawsuit. |

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

In addition to its General Objections and Specific Objections to Request No. 28, which are incorporated herein by reference, Pfizer objects to this Request as overly broad, unduly burdensome, and not relevant to the claim or defense of any party on the grounds that it seeks "[*a*]*ll* Documents and Communications concerning any investigations, reports, or analyses concerning the Regor Parties' alleged misappropriation (*i.e.*, improper acquisition, use, or disclosure)" of Pfizer's trade secrets, including in subparts a-f of this Request, and seeks "[*a*]*ll* Documents and Communications" in subparts g-o of this Request. Pfizer also objects to subparts a-d of this Request on the ground that "initial awareness" is vague and ambiguous. Pfizer further objects to this Request, whether broadly or more narrowly construed, to the extent it seeks production of documents protected by the attorney-client privilege, work-product immunity, common-interest privilege, and/or any other applicable exception or privilege. Pfizer still further objects to this Request on the ground that it is duplicative of or subsumed by Request No. 28.

41

Subject to and without waiver of the foregoing General Objections and Specific Objections, Pfizer will conduct a reasonable search of custodial files using search terms and of reasonably accessible centralized repositories for documents and communications concerning Defendants' violations of the duties alleged in Pfizer's Complaint with respect to Pfizer's trade secrets at issue in this matter, and produce any such non-privileged documents in its possession, custody, or control.

Pfizer is continuing its investigation of the facts and reserves the right to supplement its production and/or amend this Response as further information becomes available.

**REQUEST FOR PRODUCTION NO. 35**

Documents sufficient to show Pfizer's investment and progress in its GLP-1 drug program, as described in the Complaint at paragraphs 17-26 and 37-38, including documents regarding each of the following allegations in those paragraphs:

a. "To date, Pfizer has spent hundreds of millions of dollars on research and development for its GLP-1 program."

b. "For more than a decade, hundreds of Pfizer scientists have dedicated their efforts to this project, including development of innovative assays for hit-identification, high throughput screening of over tens of thousands of small-molecule compounds to identify the initial hit, and extensive lead optimization to improve compound properties that ultimately led to a set of potential oral drug candidates—the vast majority of which did not meet the stringent requirements for advancing to clinical testing."

c. "Pfizer also has worked with external researchers and organizations on the GLP-1 project, entering into an agreement for biochemical and biophysical work on the GLP-1 receptor with a leading research institute, and collaborating with another research company to develop a high-resolution structure showing the interactions between Pfizer's small-molecule compounds and the GLP-1 receptor, with the goal of identifying features of those compounds that were particularly important to efficacy."

d. "In addition, Pfizer has worked with partners to conduct preclinical and clinical studies, such as toxicology studies, on its compounds."

e. "Through more than a decade of painstaking effort, Pfizer not only identified a number of active small-molecule GLP-1 receptor agonist compounds, but it also identified and focused on promising candidates for an oral medication."

**REQUEST FOR PRODUCTION NO. 43**

All Documents and Communications that Pfizer relied on, reviewed, or referenced in preparing the Complaint, including without limitation the:

a.  Jan. 10, 2017 calendar invite titled "mid-age crisis" (¶ 41);

b.  "QL" PowerPoint presentation (¶ 42);

c.  Feb. 26, 2018 "minutes" email (¶ 45);

d.  Feb. 27, 2018 email and PowerPoint re. "Bosutinib MKT Res" (¶ 46);

e.  March 2018 draft agreements (¶¶ 47-48);

f.  March 12, 2018 emails with Chinese vendor (¶ 49);

g.  March 12, 2018 spreadsheet (¶ 50);

h.  Documents Zhong "attempted to delete" (¶ 49) and deleted (¶¶ 65, 67);

i.  "GLP Summary Doc" and other "highly sensitive" documents allegedly accessed by Dr. M. Zhong (¶ 52);

j.  April 5, 2018 calendar invite titled "touch base" (¶ 55);

k.  April 5, 2018 email re. Bosulif (¶ 56);

l.  April 15, 2018 agenda, strategy, and budget document (¶ 57);

m.  April 15, 2018 to do list (¶ 58);

n.  May 23, 2018 agenda (¶ 61);

o.  May 29, 2018 resignation notice (¶ 62);

p.  May 30, 2018 "Drug Dev in China" PowerPoint (¶ 63);

q.  June 4, 2018 email (¶ 63);

r.  June 5, 2018 "Market Research MZ" PowerPoint (¶ 66);

s.  June 2018 document downloads (¶¶ 68-69);

t.  Evidence from forensic investigations (¶¶ 70-71); and

u.  iPhone activity logs (¶ 74), including without limitation logs for both the "former colleague's iPhone" and "Zhong's real Pfizer-issued iPhone" described in ¶ 74, all documents regarding investigations of those iPhones, all records showing a "wipe"

of either of those iPhones, all communications regarding investigations of those iPhones, and documents identifying all Pfizer personnel who were responsible for investigating, processing, and/or wiping the iPhones.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

In addition to its General Objections and Specific Objections to Request No. 28, which are incorporated herein by reference, Pfizer objects to this Request as overly broad, unduly burdensome, and not relevant to the claim or defense of any party on the ground that it seeks "[*a*]*ll* Documents and Communications that Pfizer relied on, reviewed, or referenced in preparing the Complaint." Pfizer also objects to this Request, whether broadly or more narrowly construed, on the ground that it seeks production of documents protected by the attorney-client privilege, work-product immunity, common-interest privilege, and/or any other applicable exception or privilege. Pfizer further objects to this Request on the ground that it is duplicative of or subsumed by Request No. 28.

Subject to and without waiver of the foregoing General Objections and Specific Objections, Pfizer will conduct a reasonable search of custodial files using search terms and of reasonably accessible centralized repositories for documents and communications, including for those referenced in subparts a-u of this Request, that concern Defendants' violations of the duties alleged in Pfizer's Complaint with respect to Pfizer's trade secrets at issue in this matter, and produce any such non-privileged documents in its possession, custody, or control.

Pfizer is continuing its investigation of the facts and reserves the right to supplement its production and/or amend this Response as further information becomes available.

**REQUEST FOR PRODUCTION NO. 44**

A copy of any complaint and/or counterclaim in any and all actions in the United States within the last ten years in which Pfizer has sought to enforce any employment-related restrictions concerning Pfizer's alleged trade secrets or confidential information.

| | |
|---|---|
| Dated: May 5, 2022 | DAVIS POLK & WARDWELL LLP<br><br>*/s/ Matthew Cormack*<br>Ashok Ramani (*pro hac vice*)<br>Gareth E. DeWalt (*pro hac vice*)<br>James Y. Park (*pro hac vice*)<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>Tel:   (650) 752-2000<br>ashok.ramani@davispolk.com<br>gareth.dewalt@davispolk.com<br>james.park@davispolk.com<br><br>Dana M. Seshens (*pro hac vice*)<br>Matthew Cormack (*pro hac vice*)<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Tel:   (212) 450-4000<br>dana.seshens@davispolk.com<br>matthew.cormack@davispolk.com<br><br>James I. Glasser (ct07221)<br>Jenny R. Chou (ct28201)<br>WIGGIN AND DANA LLP<br>One Century Tower<br>265 Church Street, P.O. Box 1832<br>New Haven, CT 06508<br>Tel:   (203) 498-4313<br>jglasser@wiggin.com<br>jchou@wiggin.com<br><br>*Counsel for Plaintiff and Counterclaim Defendant Pfizer Inc.* |

## CERTIFICATE OF SERVICE

I, Angela Quach, hereby certify that on May 5, 2022 true and correct copies of the foregoing RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PFIZER INC. (NOS. 1-63) were served upon the following as indicated:

| | |
|---|---|
| Andrew Berdon<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>51 Madison Avenue, 22nd Fl.<br>New York, NY 10010<br>andrewberdon@quinnemanuel.com | ☒ Via Email<br>☐ Via Express Delivery<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |
| Mark Yeh-Kai Tung<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Drive, Suite 5th Fl.<br>Redwood Shores, CA 94065<br>marktung@quinnemanuel.com | ☒ Via Email<br>☐ Via Express Delivery<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |
| Dana M. Hrelic<br>PULLMAN & COMLEY, LLC<br>90 State House Square<br>Hartford, CT 06601<br>dhrelic@pullcom.com | ☒ Via Email<br>☐ Via Express Delivery<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |
| James Shearin<br>PULLMAN & COMLEY, LLC<br>850 Main Street, P.O. Box 7006<br>Bridgeport, CT 06601<br>jtshearin@pullcom.com | ☒ Via Email<br>☐ Via Express Delivery<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |

I certify under penalty of perjury that the foregoing is true and correct.

                                                           */s/ Angela Quach*
                                                           Angela Quach
                                                           Sr. Litigation Paralegal
                                                           DAVIS POLK & WARDWELL LLP
                                                           1600 El Camino Real
                                                           Menlo Park, CA 94025